IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD VICTOR SEVILLA,

    Plaintiff,                        CV F 06 0276 AWI WMW P

    vs.                                ORDER RE: FINDINGS & RECOMMENDATIONS (#3)

CAL TERHUNE, et al.,

    Defendants.

_____/

       Plaintiff is a state prisoner proceeding pro se in this civil rights action.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

       On March 31, 2006, findings and recommendations were entered, recommending dismissal of this action as duplicative of an earlier action.  Plaintiff was provided an opportunity to file objections within thirty days.  On April 11, 2006, plaintiff filed objections to the findings and recommendations.

       The Magistrate Judge recommended dismissal as duplicative on the ground that the compliant in this action is duplicative of case number CV F 06 0172 REC WMW P.  In his objections, plaintiff fails to address the basis of dismissal - plaintiff does not contend that the cases are different.  Plaintiff does, however, challenge the reference to the Magistrate Judge.

1

1  Specifically, plaintiff refers to 28 U.S.C. § 445, and seeks to have this case assigned to a different
2  Magistrate Judge.  Plaintiff grounds his request on adverse rulings.
3       The substantive standard for recusal under 28 U.S.C. §445 is "[W]hether a reasonable
4  person with knowledge of all the facts would conclude that the judge's impartiality might
5  reasonably be questioned." <u>United States v. Hernandez</u>, 109 F.3d 1450, 1453 (9th Cir. 1997)
6  citing <u>Unites States v. Studley</u>, 783 F.2d 934, 939 (9th Cir. 1986) (quotation omitted).  The
7  alleged bias must stem from and "extrajudicial source."  <u>Liteky v. United States</u>, 510 U.S. 540
8  (1994).  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality
9  motion."  <u>Id.</u> at 555; <u>Poland v. Stewart</u>, 92 F.3d 881 (9th Cir. 1996).  "[O]pinions formed by the
10 judge on the basis of facts introduced or events occurring in the course of current proceedings, or
11 of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a
12 deep-seated favoritism or antagonism that would make fair judgment impossible." <u>United States</u>
13 <u>v. Conforte</u>, 624 F.2d 869, 882 (9th Cir. 1980), <u>cert.</u> <u>denied</u>, 449 U.S. 1012 (1980) (a judge's
14 views on legal issues may not serve as a basis for motions to disqualify).
15      Plainitff's conclusory allegations of bias fail to establish legally sufficient grounds for
16 recusal.  See <u>Yagman v. Republic Ins</u>., 987 F.2d 622, 626-27 (9th Cir. 1993)(concluding that
17 speculative assertions of invidious motive are insufficient to show judicial bias).   The court finds
18 that there is no basis for referring this action to a different Magistrate Judge.
19      In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73-305,
20 this court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file,
21 the court finds the findings and recommendations to be supported by the record and proper
22 analysis.
23           Accordingly, THE COURT HEREBY ORDERS that:
24      1. The Findings and Recommendations issued by the Magistrate Judge on March
25 31, 2006, are adopted in full; and
26

2

        2. This action is dismissed without prejudice as duplicative of CV F 06 0172 REC WMW P.  The Clerk is directed to close this case.

IT IS SO ORDERED.

**Dated:     May 29, 2006**                                    **/s/ Anthony W. Ishii**
0m8i78                                                                     UNITED STATES DISTRICT JUDGE